UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAWN WHITE,<br><br>                              Plaintiff,<br><br>               -against-<br><br>ENVIRONMENTAL PROTECTION AGENCY; BERGEN COUNTY NEW JERSEY; BALTIMORE COUNTY MARYLAND; EPA REGION 2, EPA REGION 3, EPA NATIONAL ORGANIZATION,<br><br>                              Defendants. | 22-CV-6128 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, a New York resident, brings this *pro se* action alleging that while he was staying at the Knights Inn in South Hackensack, New Jersey, he was exposed to water that caused his skin to become "extremely dry, discolored, itchy and irritated." (ECF 2 ¶ III.) Plaintiff seeks money damages. (*Id.* ¶ IV.) Plaintiff invokes the Court's federal question jurisdiction and the Clean Water Act, and names as Defendants the Environmental Protection Agency (EPA), and EPA administrators and offices located in four different states (New York, New Jersey, Pennsylvania, and Washington D.C.) For the following reasons, this action is transferred to the United States District Court for the District of New Jersey.

## DISCUSSION

Under the general venue provision, 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. See 28 U.S.C. § 1391(c)(1), (2).

Plaintiff asserts that the alleged events giving rise to his claims occurred in Bergen County, New Jersey, which falls within the District of New Jersey. *See* 28 U.S.C. § 110. Plaintiff names Defendants with addresses in multiple states, including New York. Because it is unknown where Defendants reside, it is unclear whether venue is proper in this District under Section 1391(b)(1). The Court assumes that Defendants reside in this District and that venue could be proper here under Section 1391(b)(1). Venue would, however, also be proper under Section 1391(b)(2) in the District of New Jersey.

Plaintiff brings this action under the Clean Water Act (CWA), 33 U.S.C. § 1365(c)(1), which has its own venue provision:

> Any action respecting a violation by a discharge source of an effluent standard or limitation or an order respecting such standard or limitation may be brought under this section only in the judicial district in which such source is located.

33 U.S.C. § 1365(c)(1); *U.S. E.P.A. ex rel. McKeown v. Port Auth. of New York and New Jersey*, 162 F. Supp. 2d 173, 186 (S.D.N.Y. 2001).

Plaintiff alleges that while he was in Bergen County, New Jersey, he was exposed to water that caused him injury. Because it appears that the source of the water at issue is located in South Hackensack, New Jersey, venue for a claim under the CWA would be proper in New Jersey, and not in this District.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in New Jersey, where at least two defendants appear to reside, and it is reasonable to expect that all relevant documents and witnesses also would be located in New Jersey. The District of New Jersey thus appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the District of New Jersey 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    July 22, 2022
          New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge