NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHAWN WHITE,<br>*Plaintiff*,<br>v.<br>ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br>*Defendant*. | Civil Action No. 22-4837<br>**OPINION & ORDER** |

**Evelyn Padin, U.S.D.J.**

*Pro se* Plaintiff Shawn White seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. For the reasons discussed below, the Court **GRANTS** his application to proceed *in forma pauperis* but **DISMISSES** his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section

1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

Because Plaintiff is proceeding *pro se*, the Court construes his pleading liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

Plaintiff filed his complaint in this matter on or about July 15, 2022. D.E. 2. Plaintiff identifies the following entities and individuals as Defendants: (1) Environmental Protection

Agency; (2) Bergen County (New Jersey); (3) Baltimore County Maryland (EPA Region 2, EPA Region 3, EPA National Organization); (4) Lisa F. Garcia, Regional Administrator; (5) Javier Laureano, Director, Water Division; (6) Michael Regan, Administrator; and (7) Adam Ortiz, Regional Administrator. D.E. 2 at 1-4.

Plaintiff avers that his "skin changed drastically" while staying at a motel in South Hackensack, New Jersey, in 2021. D.E. 2 at 5. He indicates that it "became extremely dry, disordered, itchy and irritated" and that he began noticing that his "pillow cases [were becoming] stained with 'rust colored' coating." Plaintiff attributes his skin issues to "contaminated water," presumably in New Jersey, and notes that the "water in Baltimore County [is] the same." *Id.* at 6. He expresses concern with "the excessive, oppressive and over proliferation of harmful contaminants in the water." *Id.* at 6. Plaintiff has also appended to his pleading several news articles about water contamination and a number of statements and invoices related to his 2021 stay at the New Jersey motel; it would appear that he believes these documents somehow bolster his claims. *Id.* at 8-51. Plaintiff seeks $11 million dollars, a sum which "represents every month that [he has] been potentially and unknowingly stricken with cancer or some other disease." *Id.* at 6. Plaintiff does not indicate what statutory and/or legal theories under which he seeks relief. He likewise fails to plead any facts that indicate how any of the specific defendants named in his pleading are directly responsible for the harms he claimed to have suffered.

Ultimately, Plaintiff's complaint does not contain "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp.*, 550 U.S. at 570, and will therefore be dismissed, in its entirety, at the screening stage.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with

leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). At this point, the Court cannot conclude that Plaintiff's claims are entirely futile. Therefore, the Court provides Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty days, the dismissal will then be with prejudice. A dismissal with prejudice means that Plaintiff will be precluded from filing any future suit against the present defendants concerning the allegations in his complaint.

Accordingly, and for good cause shown,

IT IS on this 18th day of August, 2022,

**ORDERED** that pursuant to 28 U.S.C. § 1915(a), Plaintiff Shawn White's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to file his complaint (at D.E. 2) without prepayment of the filing fee; and it is further

**ORDERED** that Plaintiff's complaint is dismissed in its entirety; and it is further

**ORDERED** that said dismissal is without prejudice; and it is further

**ORDERED** that Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies as set forth above, failure to file an amended complaint within this time will result in the entire case being dismissed with prejudice; and it is further

**ORDERED** that the Clerk of the Court is directed to mail a copy of this Opinion & Order to Plaintiff by regular mail and by certified mail/RRR.

Evelyn Padin, U.S.D.J.